NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0037n.06

No. 09-5153

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jan 21, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| EDWARD H. FLINT, | ) |
| | ) |
|     **Plaintiff–Appellant** | ) |
| | ) |
| v. | )   ON APPEAL FROM THE UNITED |
| | )   STATES DISTRICT COURT FOR THE |
| TARGET CORPORATION, | )   WESTERN DISTRICT OF KENTUCKY |
| | ) |
|     **Defendant–Appellee.** | ) |
| | ) |

Before: MERRITT, MOORE, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Edward H. Flint appeals the district court's

grant of summary judgment for defendant Target Corporation ("Target"). Flint sued Target *pro se*

on theories of negligence and product liability for the adverse physiological reactions he suffered

allegedly as a result of taking prescription medication dispensed by his local Target pharmacy. The

district court held that no genuine issue of material fact existed that could allow Flint to establish that

Target breached the duty it owed him as a pharmacist and granted summary judgment on his

negligence claim. Further, the district court found that Kentucky's "middleman" statute, Ky. Rev.

Stat. Ann. § 411.340, applied to Target to shield it from liability on Flint's product liability claim.

For the reasons that follow, we AFFIRM the judgment of the district court.

In November 2006, Flint's surgeon issued him a prescription for Pyridium (generic name:

phenazopyridine). Flint filled the prescription and refilled it twice at the same Target pharmacy,

which provided him a generic form of the drug each time. The company that manufactured the pills dispensed in the second refill, Contract Pharmacal for Breckenridge Pharmaceutical, was not the same company that had manufactured the pills in the first two fills. Each prescription fill was accompanied by a patient information sheet, which listed various contraindications, side effects, and possible indicia of an allergic or negative physiological reaction. Flint experienced no adverse effects from the first two fills, but shortly after taking pills from the third fill, Flint experienced what he believed to be an allergic reaction—itchy hives and bumps inside his mouth, a numb tongue, and a loss of taste. When Flint reported the reaction to the Target pharmacy, the pharmacy manager determined that there had been no error in the filling of the prescription, referred Flint to Target's national customer service, and gave Flint a refund, the names and numbers of the manufacturers of the pills, and a list of the inactive ingredients in the pills dispensed in the third fill.

Flint attempted to resolve his concerns directly with Target's customer service department, but when Target did not help Flint to his liking, he filed the present suit on October 10, 2007. The suit was originally filed in Jefferson Circuit Court, but was promptly removed to federal court on October 30. Target moved for summary judgment on August 14, 2008, and the district court granted the motion on January 13, 2009. *Flint v. Target Corp.*, No. 3:07CV-00600-R, 2009 WL 87469 (W.D. Ky. Jan. 13, 2009). Flint timely appealed.

We review *de novo* a district court's grant of summary judgment. *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (*en banc*). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c). The Court must review all the evidence, facts, and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In order to defeat a summary judgment motion, the nonmoving party "must show sufficient evidence to create a genuine issue of material fact." *Prebilich-Holland v. Gaylord Entm't Co.*, 297 F.3d 438, 442 (6th Cir. 2002). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Flint argues that the district court erred in granting Target summary judgment. We find the district court's reasoning and conclusions to be correct. On Flint's negligence claim, under Kentucky law, pharmacists owe their customers the duty of care used by ordinarily skillful and prudent pharmacists under similar circumstances—in this case, to dispense the correct medication in accordance with the prescribing physician's instructions. *See Ohio County Drug Co. v. Howard*, 256 S.W. 705, 707 (Ky. 1923). As the district court found, all evidence presented indicates Target complied with that standard. *Flint*, 2009 WL 87469, at *3. Flint claims that the drugs he was given were not FDA-approved, but these statements are no more than bare allegations and do not suffice to defeat summary judgment. He also contends that Target breached its duty to him in the third fill by substituting a cheaper generic drug for another generic, but Target's actions are actually authorized by Kentucky statute. *See* Ky. Rev. Stat. Ann. § 217.822. Flint further claims that Target had the duty to investigate and test any prescription medications it sold before dispensing them to

3

customers, but there is no law to support this assertion. Summary judgment on Flint's negligence claim based on the element of breach was appropriate.

On Flint's product liability claims, the district court found that pharmacists in Kentucky are protected by the state's "middleman statute."[1] Kentucky law provides that retailers are not liable in product liability actions if: "(1) the manufacturer [is] identified and subject to the Court's jurisdiction, and (2) the product sold by the . . . retailer [was] unaltered from its original manufactured condition." *Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 551 (E.D. Ky. 2001). Exceptions to middleman protection exist if: "(1) . . . the . . . retailer breached an express warranty, or (2) . . . the . . . retailer knew or should have known at the time of distribution or sale that the product was in a defective condition and unreasonably dangerous." *Id.* The district court found that the two conditions were satisfied and neither exception existed, *Flint*, 2009 WL 87469, at *3–4, and we agree. Flint raises no arguments on appeal that contradict any of these conclusions, aside from an unsupported allegation that the middleman statute is unconstitutional.

---

[1]Ky. Rev. Stat. Ann. § 411.340 provides:

In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, unless such wholesaler, distributor or retailer, breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

Flint also argues that the district court should have ruled on various nondispositive motions before granting summary judgment, including motions to compel discovery and to subpoena various witnesses for depositions. The district court, however, found that "[n]one of the discovery sought in the remanded motions would have materially affected this Court's determination" on summary judgment. *Id.* at *5. We agree, and affirm the district court on this ground as well.

Finally, Flint argues that the district court erred by not allowing him to amend his complaint. We review a district court's denial of a plaintiff's motion for leave to amend his complaint for abuse of discretion. *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006). However, "[w]hen the district court refuses the plaintiff's request for leave to amend her complaint on grounds of futility, this court reviews de novo because the decision is based on a legal conclusion." *Id.* (citing *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003)). Flint filed separate motions for leave to amend in the district court. In the first motion, filed June 16, 2008, Flint sought to add greater detail to his complaint to supplement his claims against Target. In its summary judgment opinion, the district court held: "That motion has not been granted and, although it contains additional narrative, the tendered Amended Complaint does not contain additional causes of action, nor would it change the Court's substantive analysis." *Flint*, 2009 WL 87469, at *2 n.3. Because this is a holding that the amendment would have been futile, we review *de novo*. Upon examining the proposed amendments, however, we agree with the district court that the added details Flint provides would not help him establish a genuine issue of material fact on the issues that entitle Target to summary judgment.

5

Flint's motion for leave to amend his complaint, filed August 28, 2008, sought to add two additional defendants, Breckenridge Pharmaceutical and Contract Pharmacal. The district court did not rule on this motion in its summary judgment decision. However, the district court docket reveals that all non-dispositive motions were referred to a magistrate judge on May 20, 2008, who, on September 30, 2008, ordered that "all pending non-dispositive motions are hereby administratively remanded without prejudice to the parties' right to request that they be returned to the court's active docket within 15 days after entry of any order denying Target's request for summary judgment." Flint had been advised that, in order to have any of his remaining motions decided, he needed to take action before the district court, which he never did. He did not appeal the magistrate's order, nor did he include the order, this motion to amend, or any other motions in his notice of appeal.[2] Therefore, we find that Flint has not properly preserved this argument or any other argument pertaining to undecided motions for appeal.

For the reasons set forth above, we AFFIRM the district court's grant of summary judgment.

---

[2]Furthermore, any further consideration of the August 28 motion to amend would be futile, as the one-year limitations period that applies to product liability and negligence claims in Kentucky had run before the motion was filed. *See* Ky. Rev. Stat. Ann. § 413.140.